UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| SAVAGE SE OPERATIONS, LLC | * | CIVIL ACTION NO.: |
| AND ITS UNDERWRITERS | * | |
| | * | ADMIRALTY |
| VERSUS | * | |
| | * | JUDGE |
| WARTSILA NORTH AMERICA, INC. | * | |
| AND WARSTILA CORPORATION | * | MAG. JUDGE |

****************************************************************************

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Savage SE Operations, LLC ("Savage") and its Underwriters ("Underwriters"), who file their Complaint against Wartsila North American, Inc. and Wartsila Corporation, and respectfully allege as follows:

1.

Plaintiff, Savage SE Operations, LLC is a Delaware limited liability company, licensed to do and doing business in the State of Texas.

2.

Plaintiff, Underwriters, are foreign insurance companies that have issued policies of insurance, which policies provided insurance coverage to the SULPHUR ENTERPRISE and/or cover the losses and damages sought by Savage herein.

3.

Made Defendants herein are the following:

Warstila North America, Inc., a Maryland corporation with its headquarters and principal place of business in Houston, Texas, which is licensed to do and doing business in the State of Texas; and

Warstila Corporation, a foreign corporation licensed to do and doing business under the laws of Finland, which through its subsidiaries, including Wartsila North America, Inc., is doing business in the State of Texas.

4.

This is a case of Admiralty and Maritime jurisdiction, and this Court has jurisdiction pursuant to 28 U.S.C. §1333 and §1331.

5.

Venue is proper because Warstila North America, Inc. maintains its North American headquarters in this District and a substantial part of the events or omissions giving rise to this claim occurred within this District.

6.

Savage is the owner *pro hac vice* and operator of the M/V SULPHUR ENTERPRISE, a bulk chemical carrier bearing IMO No. 1024115.

7.

From January 2018 through May 2018, the SULPHUR ENTERPRISE was placed in dry-dock in Tampa, Florida to undergo ordinary and routine repairs.

8.

In connection with this dry-docking, Savage contracted with Warstila North America, Inc. and/or Wartsila Corporation to perform a complete overhaul of the SULPHUR ENTERPRISE's Auxiliary Engine No. 3.

9.

The SULPHUR ENTERPRISE left its dry-dock in Tampa, Florida on May 5, 2018, and began transiting to Galveston, Texas.

10.

On May 7, 2018, as the SULPHUR ENTERPRISE was in the Galveston Ship Channel, heading for its berth, a fire broke out in the Engine Room.

11.

The fire caused significant and extensive damage to Auxiliary Engine No. 3, as well as Auxiliary Engine No. 1 and No. 2 and other portions of the Engine Room.

12.

The fire was a result of and caused by defective work performed by Warstila North America, Inc. and/or Wartsila Corporation while overhauling Auxiliary Engine No. 3.

13.

As a result of the fire, the SULPHUR ENTERPRISE sustained significant and extensive damage that required repairs and caused the SULPHUR ENTERPRISE to be placed out of service for a number of months.

14.

As a result of the fire, Savage and Underwriters sustained and suffered significant and extensive damages in repairing the SULPHUR ENTERPRISE, as well as in placing the SULPHUR ENTERPRISE out of service for a number of months.

**COUNT ONE – NEGLIGENT PERFORMANCE OF MARITIME CONTRACT**

15.

Savage and Underwriters re-allege the allegations contained in Paragraphs 1-14.

16.

Defendants, Warstila North America, Inc. and/or Wartsila Corporation, were negligent in the performance of their work in completing the overhaul of the SULPHUR ENTERPRISE's Auxiliary Engine No. 3.

17.

More specifically, Defendants, Warstila North America, Inc. and/or Wartsila Corporation, failed to perform their work with due and reasonable care, skill and diligence.

18.

The negligence of Defendants, Warstila North America, Inc. and/or Wartsila Corporation, and the breach of their duty was the proximate cause of the fire aboard the SULPHUR ENTERPRISE and the damages sustained by Savage and its Underwriters.

19.

As a result of this negligence, Savage and Underwriters have suffered damages.

## COUNT TWO - BREACH OF CONTRACT

20.

Savage and Underwriters re-allege the allegations contained in Paragraphs 1-14.

21.

Defendants, Warstila North America, Inc. and/or Wartsila Corporation, breached their contract with Savage by failing to perform their work in completing the overhaul of the SULPHUR ENTERPRISE's Auxiliary Engine No. 3 in accordance with the standards, in a good and workmanlike manner, and with due and reasonable care, skill and diligence.

22.

This breach by Defendants, Warstila North America, Inc. and/or Wartsila Corporation, was the proximate cause of the fire aboard the SULPHUR ENTERPRISE and the damages sustained by Savage and its Underwriters.

23.

As a result of this breach, Savage and Underwriters have suffered damages.

## COUNT THREE – BREACH OF WARRANTY
## AND/OR BREACH OF WORKMANLIKE PERFORMANCE

24.

Savage and Underwriters re-allege the allegations contained in Paragraphs 1-14.

25.

Defendants, Warstila North America, Inc. and/or Wartsila Corporation, further breached their obligation to perform their work in completing the overhaul of the SULPHUR ENTERPRISE's Auxiliary Engine No. 3 in a workmanlike manner.

26.

This breach by Defendants, Warstila North America, Inc. and/or Wartsila Corporation, was the proximate cause of the fire aboard the SULPHUR ENTERPRISE and the damages sustained by Savage and its Underwriters.

27.

As a result of this breach, Savage and Underwriters have suffered damages.

## DAMAGES

28.

As a direct result of Defendant's negligence, breach of contract, breach of warranty and/or breach of workmanlike performance, Savage and Underwriters have suffered significant damages including, but not limited to, the following:

1. Cost of repair;

2. Downtime and/or loss of profits;

3. Other incidental expenses including, but not limited to, tug assistance and overhead costs;

4. Loss of business opportunities and business reputation;

5. Potential lost revenues in the future as a result of downtime; and

6. Attorney's fees and costs.

**WHEREFORE**, Plaintiffs, Savage SE Operations, LLC and its Underwriters, pray that Defendants, Warstila North America, Inc. and/or Wartsila Corporation, be duly served with a copy of this Complaint and cited to appear and answer, all and singularly, the allegations of the Complaint and after due proceedings are had, there be judgment herein in favor of Plaintiffs, Savage SE Operations, LLC and its Underwriters, and against Defendants, Warstila North America, Inc. and/or Wartsila Corporation, in the full amount of all damages claimed which are reasonable in the premise, together with pre-judgment interest and costs, and any other relief which the Court deems appropriate.

This 7th day of May, 2019.

Respectfully submitted,

JONES WALKER LLP

*Jefferson R. Tillery*
JEFFERSON R. TILLERY (TX SD Bar 295817)
C. BARRETT RICE (La. Bar 23122)
JONES WALKER LLP
201 St. Charles Avenue, 51st Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8616
Facsimile:   (504) 582-8015
*Attorneys for Plaintiffs, Savage SE Operations, LLC and its Underwriters*